IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

ARTURO MARTINEZ,                )
                                )
                 Plaintiff,     )
                                )
     v.                         )    No.  07 C 3442
                                )
FREEDOM MORTGAGE TEAM, INC.,    )
et al.,                         )
                                )
                 Defendants.    )

                       MEMORANDUM ORDER

     On January 11, 2008 this Court announced its oral ruling striking the then-just-filed Answer and Affirmative Defenses ("ADs") by Graco Funes ("Funes") to the Second Amended Complaint ("SAC") that had been brought by Arturo Martinez ("Martinez") against Funes and two codefendants.  As always in such situations, leave was of course granted to Funes' counsel to file a proper Amended Answer (coupled with the requirement that the client not be charged for counsel's having to correct his own errors).

     Now this Court has just received Funes' Amended Answer and ADs, which were filed electronically yesterday.  Astonishingly enough, that new filing is permeated with a repetition of one of the improprieties that had been contained in the original Answer.  This Court is somewhat at a loss to think of an appropriate nonpunitive sanction--perhaps counsel should be required to write "I have read the Appendix to State Farm Mut. Auto. Ins. Co. v.

                              1

Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001)" on a blackboard 100 times (plainly counsel has not yet done that reading, although State Farm and the need to read it occupies the opening spot in this Court's website).

In any case, Funes' counsel is expressly referred to State Farm App. ¶1 and is ordered to correct all of the responses that do not conform to the disclaimer discussed there--a disclaimer that is clearly marked out in Fed. R. Civ. P. ("Rule") 8(b)'s second sentence. And while counsel is doing so, he must also omit the oxymoronic phrase "and therefore denies the same": How can a party that must assert (presumably in good faith) that he lacks even enough information to form a belief as to the truth of an allegation then proceed to deny it in the same objective good faith that is required by Rule 11(b)?

Enough is enough--this Court will not require a total refiling of the Amended Answer and ADs.[1] Instead it will be sufficient for Funes to file an appropriate amendment to the Amended Answer on or before February 12, 2008, failing which all of the corresponding allegations in Martinez' SAC will be deemed

---

[1] This should not be misunderstood as a determination, or even a suggestion, that all of the ADs are themselves appropriate or in proper form. That issue will be left to Martinez' counsel.

to have been admitted.[2]

                                             _____
                                             Milton I. Shadur
                                             Senior United States District Judge

Date:  February 1, 2008

---

    [2] What was said by this Court, and was adhered to by Funes' counsel, regarding no charge being made for the initial refiling (together with a notification to Funes in that regard) will apply once again.